# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN A. ARMENDARIZ and ALICIA M. ARMENDARIZ,<br><br>　　　　　　　Plaintiffs,<br>　　vs.<br><br>JP MORGAN CHASE BANK N.A., DEUTSCHE BANK NATIONAL TRUST CO., and CALIFORNIA RECONVEYANCE CO.,<br><br>　　　　　　　Defendants. | CASE NO. 11CV137 JLS (BGS)<br><br>**ORDER (1) DENYING PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER; (2) SETTING HEARING FOR PRELIMINARY INJUNCTION**<br><br>(Doc. No. 2.) |

　　On January 24, 2011, Plaintiffs filed a complaint against Defendants alleging several causes of action related to loan transactions and foreclosure. Concurrently therewith, Plaintiff filed the instant motion for temporary restraining order and/or preliminary injunction. Plaintiff requests the Court enjoin Defendants "from foreclosing on the property owned by Plaintiffs." (Pet. for TRO at 2.)

　　Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v.*

1 *Natural Res. Def. Council, Inc. (NRDC)*, — U.S. —, 129 S. Ct. 365, 374 (2008) (citing *Munaf v.*
2 *Geren*, 553 U.S. 674, 128 S. Ct. 2207, 2218–19 (2008)).

3     Plaintiffs fail to establish that they are likely to suffer immediate and irreparable injury. Plaintiffs' petition for TRO states that "Plaintiff will suffer immediate and irreparable injury . . . if the order is not granted before Plaintiff can be heard as Defendant's sale of the property is scheduled to occur on _____ [sic]." There is no date. Even assuming the other requirements for obtaining a TRO are met, the Court has no idea when a foreclosure sale is supposed to take place and no basis for finding immediate and irreparable injury. Plaintiffs' petition for a TRO is **DENIED**.

    Plaintiffs also request the Court set a hearing date for the requested preliminary injunction. (Mem. ISO TRO at 3.) Under Rule 65(a)(1), "[t]he court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). It is not clear that Plaintiffs have provided notice to Defendants. Accordingly, to have their request for a preliminary injunction set for hearing, Plaintiffs must serve Defendants with all documents they have filed in this matter, including the complaint, the application, and this Order by February 4, 2011. Plaintiffs must electronically file proof of service by February 11, 2011.

    If Plaintiffs timely serve and file all documents, the request for a preliminary injunction will be set for hearing on Friday, April 1, 2011 at 3:00 p.m. An opposition to the preliminary injunction **SHALL** be filed by February 25, 2011. A reply, if Plaintiff wishes to file one, **SHALL** be filed by March 4, 2011. If all documents are not served as directed, the matter will not be heard on March 25, 2011. Rather, Plaintiff must obtain the next available hearing date from chambers under Local Civil Rule 7.1(b).

    **IT IS SO ORDERED.**

**DATED: January 25, 2011**

                                            */s/ Janis L. Sammartino*
                                            **Honorable Janis L. Sammartino**
                                            **United States District Judge**