# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ANTHONY ARMENDARIZ and ALICIA ARMENDARIZ,<br><br>Plaintiff,<br><br>vs.<br><br>JP MORGAN CHASE BANK, NA, DEUTSCHE BANK NATIONAL TRUST COMPANY, CALIFORNIA RECONVEYANCE COMPANY,<br><br>Defendants. | CASE NO. 11CV137 JLS (BGS)<br><br>**ORDER DENYING PLAINTIFFS' PETITION FOR TRO**<br><br>(Doc. No. 10.) |

Presently before the Court is Plaintiffs' petition for temporary restraining order. (Doc. No. 10 (Pet. for TRO).) The underlying complaint concerns a loan secured by Plaintiffs' property. (Doc. No. 1 (Compl.), Ex. 3.) A foreclosure sale on the property is set for February 7, 2011, at 10:00 a.m. (Pet. for TRO, Affidavit of Verification at 4.) Plaintiffs request the Court enjoin Defendants from foreclosing. (Pet. for TRO at 2.)

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc. (NRDC)*, — U.S. —, 129 S. Ct. 365, 374 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 128 S. Ct. 2207, 2218–19 (2008)).

1       With respect to the showing a plaintiff must make regarding his chances of success on the
2 merits, the Ninth Circuit applies a sliding scale approach. "Under this approach, the elements of
3 the preliminary injunction test are balanced, so that a stronger showing of one element may offset
4 a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 2011 WL 208360, *4
5 (9th Cir. 2011). So long as the other two elements are met, "a preliminary injunction is
6 appropriate when plaintiff demonstrates that serious questions going to the merits were raised and
7 the balance of hardships tips sharply in the plaintiff's favor." *Id.* at *7 (internal formatting
8 omitted) (quoting *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008)).

9       The Court discusses only the "likelihood of success on the merits" prong as it is dispositive
10 of Plaintiffs' petition. Plaintiffs proceed *pro se*, and the Court has construed the allegations in the
11 Complaint and petition for TRO liberally. *Hebbe v. Pliler*, 627 F.3d 338, 348 (9th Cir. 2010).
12 Even then, Plaintiffs' complaint contains an uncountable number of causes of action. At best, the
13 Court parses out thirteen causes of action: 1) violation of the Real Estate Settlement Procedures
14 Act (RESPA), 2) violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq, 3) claim to quiet
15 title, 4) breach of implied covenant of good faith and fair dealing, 5) breach of fiduciary duty by
16 broker, 6) breach of fiduciary duty by appraiser, 7) breach of fiduciary duty by lender, 8) breach of
17 fiduciary duty by closing agent, 9) negligence/negligence per se, 10) common law fraud, 11) fraud
18 by non-disclosure, 12) intentional infliction of emotional distress, and 13) unfair business practices
19 under California Business and Professions Code § 17200. (*See generally* Compl.)

20       The Court finds it unnecessary to discuss the causes of action individually. As a whole,
21 Plaintiffs' complaint contains only conclusory allegations of wrongdoing. And this flaw is
22 endemic to every cause of action. For instance, Plaintiffs' RESPA cause of action alleges an 'a'
23 through 'r' list of RESPA violations. They include:

24     a) Good Faith Estimate not within the limits b) No HUD-1 Booklet c) Truth in
25     Lending Statement not timely presented . . . i) Financial Privacy Act Disclosure j)
26     No Equal Credit Reporting Act Disclosure k) No notice of right to receive appraisal
27     report. . . n) No notice of credit score o) No RESPA servicing disclosure
28     letter . . . r) No notice of right to rescind.

1  The claim contains little else.  Plaintiffs fail to explain what statutory provisions were violated or
2  which violations could be attributed to the Defendants.  With the allegations as vacuous as they
3  are, the Court cannot find that Plaintiffs have a likelihood of success on the merits.  Indeed,
4  Plaintiffs are a far cry from even raising a serious question going to the merits.
5      This failure to provide anything other than boiler plate, conclusory statements of
6  wrongdoing is replicated in the other twelve causes of action.  At least one other court has been
7  faced with the same complaint containing the same allegations and has come to the same
8  conclusion.  *See Avila v. Countrywide Home Loans*, 2010 WL 5071714 (N.D. Cal. December 7,
9  2010).  With the facts alleged in this complaint, the Court cannot find that Plaintiffs have a
10 likelihood of success on the merits on any causes of action.
11     Having failed to establish a necessary prong to obtain a temporary restraining order, the
12 Court **DENIES** Plaintiffs' petition.
13     **IT IS SO ORDERED.**

15 DATED: February 9, 2011

16 _Janis L. Sammartino_
   Honorable Janis L. Sammartino
17 United States District Judge