1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

10

SOUTHERN DISTRICT OF CALIFORNIA

11
12

| | |
|---|---|
| BRIAN ANTHONY ARMENDARIZ, and ALICIA ARMENDARIZ, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | )<br>) |
| JPMORGAN CHASE BANK, NA *successor in interest to Washington Mutual Bank, FA*, DEUTSCHE BANK NATIONAL TRUST COMPANY, and CALIFORNIA RECONVEYANCE COMPANY, | )<br>)<br>)<br>)<br>) |
| Defendants. | |

Case No.: 3:11-cv-00137 AJB (BGS)

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DISMISSING PLAINTIFFS' COMPLAINT WITHOUT PREJUDICE AND DISMISSING PLAINTIFFS FIRST AMENDED MOTION FOR SUMMARY JUDGMENT AS MOOT.
 (Doc. 13 and 47)

13
14
15
16
17
18
19
20

        Pending is Defendants' Motion to Dismiss Plaintiff's Complaint, filed February 18, 2011.  (Doc. No. 13).

21
22
23

**FACTUAL BACKGROUND**

24
25

        In October 2004, Plaintiffs obtained a $455,000 mortgage loan from Washington Mutual Bank ("WaMu").  (Compl. Ex. 3).  The mortgage note was secured by a Deed of Trust.  (Compl. Ex. 4).  The Deed of Trust identifies WaMu as the lender and beneficiary and California Reconveyance Company ("California Reconveyance") as the trustee.  (*Id.*).  Plaintiffs subsequently defaulted on the mortgage

26
27
28

loan.  (Compl. Ex. 1).  California Reconveyance recorded a Notice of Default on February 3, 2010.  (*Id.*).  The Notice of Default indicates that the Plaintiffs had accumulated $13,563.09 in arrears.  (*Id.*). .

Plaintiffs filed this action *pro se* on January 24, 2011.  The Complaint does not provide a numbered list of causes of action.  It appears that Plaintiffs allege the following claims against all Defendants: 1) violation of the Real Estate Settlement Procedures Act (RESPA), 2) violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq, 3) claim to quiet title, 4) breach of implied covenant of good faith and fair dealing, 5) breach of fiduciary duty by broker, 6) breach of fiduciary duty by appraiser, 7) breach of fiduciary duty by lender, 8) breach of fiduciary duty by closing agent, 9) negligence/negligence per se, 10) common law fraud, 11) fraud by non-disclosure, 12) intentional infliction of emotional distress, 13) unfair business practices under California Business and Professions Code § 17200, and 14) civil conspiracy.  (*See generally* Compl.).  Plaintiffs did not name the broker, appraiser, closing agent, or underwriter in this action, but seek to impose conspiracy liability for their actions upon the named Defendants.  It is unclear from the Complaint what role Deutsche Bank National Trust Company ("Deutsche Bank") played in this action beyond allegedly conspiring with the other named Defendants to defraud Plaintiffs

## **LEGAL STANDARD**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  The court must accept all factual allegations pleaded in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir.1996).  A complaint may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  However, because Plaintiffs are proceeding *pro se*, their complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," as the Supreme Court has reaffirmed since *Twombly*.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  *Iqbal* incorporated the *Twombly* pleading standard and *Twombly* did not alter courts' treatment of *pro se* filings; accordingly, the Court construes

*pro se* filings liberally when evaluating them under *Iqbal*. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also McGowan v. Hulick*, 612 F.3d 636, 640-42 (7th Cir. 2010); *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461-62 (5th Cir. 2010); *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 n. 2, 1125 (10th Cir.2010); *Capogrosso v. Sup. Ct. of N.J.*, 588 F.3d 180, 184 & n. 1 (3d Cir. 2009); *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (noting that even following *Twombly* and *Iqbal*, "we remain obligated to construe a pro se complaint liberally").  While the standard is higher, our "obligation" remains, "where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc).

## DISCUSSION

**A.  Sufficiency of Plaintiffs' Claims Generally**

Even when construing the Complaint liberally in the Plaintiffs' favor, it poses significant obstacles to the Court's consideration of the Motion to Dismiss.  The Complaint identifies each of the Defendants by name at the outset and then states that the "Defendants are hereinafter referred to as 'Lender,' or 'Defendant(s),' 'Defendant Lender.'" (Compl. ¶ 1).  The Complaint's Statement of Facts then lists the numerous allegedly wrongful actions taken by "Lender."  For example, Plaintiffs allege that "Lender" failed to make certain disclosures, failed to make the required TILA disclosures, impermissibly changed the terms of the contract at the last minute, and willfully breached the implied covenant of good faith and fair dealing.  (Compl. ¶¶ 26, 27, 28, 59).  While this may have been convenient for purposes of drafting the Complaint, referencing the Defendants individually and as a group simply as "Lender" makes it impossible to discern which allegations relate to which Defendant. Not only does this prevent the Court from gathering a clear view of the factual history of Plaintiffs' claims, it also fails to give the individual Defendants the notice necessary to defend against the particular acts of wrongdoing alleged.

Similarly, as noted by Judge Sammartino in her denial of Plaintiffs' request for a temporary restraining order (Doc. No. 11), "Plaintiffs fail to explain what statutory provisions were violated or

which violations could be attributed to the Defendants." (Doc. No. 11 at 3). "As a whole, Plaintiffs' complaint contains only conclusory allegations of wrongdoing." (*Id.* at 2). While *pro se* plaintiffs are entitled to a more liberal construction of their pleadings, the Complaint must make some showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). Accordingly, the Court dismisses Plaintiffs' Complaint with leave to amend in order to provide clarification as to the nature of the violations alleged and identify the alleged violators.

Assuming that the Plaintiffs may remedy these issues by amending the Complaint, the Court will address Defendants' alternative arguments in favor of dismissing Plaintiffs' claims.

**B. Statute of Limitations for Plaintiffs' Claims**

Defendants seek to dismiss the Complaint as time-barred. Defendants contends that all of Plaintiffs' claims are based upon the mortgage loan's origination which occurred in October 2004. (Mot. Dismiss 4). Inasmuch as Plaintiffs did not file this action until January 24, 2011, Defendants argue that each of Plaintiffs' claims are barred by the applicable statutes of limitations. (*Id.*). In response, Plaintiffs rely upon the doctrine of equitable tolling. (Resp. 2). As noted in the Complaint, Plaintiffs argue that they had "no notice of wrong doing until the improprieties of the real estate market were finally made public in the popular media." (Compl. ¶ 48). With regard to the TILA claim, Plaintiffs further specify that they "discovered concealment of TILA violations by Defendants within the past year, when Plaintiffs engaged the services of a professional to examine the loan for improprie-ties." (Compl. ¶ 102). As such, Plaintiffs assert that they have adequately stated the applicability of the equitable tolling doctrine. (*Id.*).

The Court agrees with Plaintiffs. "Generally, the applicability of equitable tolling depends on matters outside the pleadings, so it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss (where review is limited to the complaint) if equitable tolling is at issue." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006)(citing *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995). "A motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *Supermail Cargo, Inc.*, 68 F.3d at 1207 (quoting *Jablon v.*

1    *Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir.1980)). Construing the *pro se* Plaintiffs' allegations

2    liberally, the Court concludes that Plaintiffs could prove a set of facts that would establish that equitable

3    tolling applies and that the action was timely.  Therefore, the Court declines to dismiss Plaintiffs' claims

4    as time-barred.

5

6    **C.  Chase's Liability for Actions by WaMu During the Origination of Plaintiffs' Loan**

7

8        Defendants move to dismiss Plaintiffs' claims against Chase, arguing that Chase disclaimed

9    liability for borrowers' claims regarding loan origination when it acquired certain interests in WaMu

10   from the FDIC.  (Mot. Dismiss 5).  Chase argues that when the Office of Thrift Supervision ("OTS")

11   closed WaMu and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver, the FDIC

12   succeeded to all WaMu's assets and liabilities.  (*Id.*).  On September 25, 2008, the FDIC transferred the

13   bulk of WaMu's assets to Chase pursuant to a purchase and assumption agreement ("P & A Agree-

14   ment"). Article 2.5 of the P & A Agreement provides that Chase did not assume WaMu's potential

15   liabilities associated with claims of borrowers. Thus, Chase contends that the Plaintiffs claims, which it

16   characterizes as arising out of the Plaintiffs' capacity as borrowers of WaMu, cannot be maintained

17   against Chase.  *Id.*

18        Defendants request that the Court take judicial notice of a copy of the P & A Agreement attached

19   to the Request for Judicial Notice (Doc. No. 13-1) as Exhibit 1 (Doc. No. 13-2), and a quote of the

20   relevant paragraph stating that "any liability associated with borrower claims for payment of or liability

21   to any borrower ... are specifically not assumed by the Assuming Bank."  Plaintiffs have not objected to

22   this supporting document and acknowledge that Chase acquired its interests from WaMu.[1]  (Compl. ¶ 1).

23

24         [1] Plaintiffs request that the Court take judicial notice of the following documents:

25      1.   Supplemental Exhibit in Support of Motion for Relief, filed in the United States
         Bankruptcy Court of the Southern District of California, which contains an affidavit of an
26          FDIC representative that was recorded in King County, Washington, on October 3, 2008
         (Doc. No. 23-4);

27      2.   Assignment of Deed of Trust from JPMorgan Chase Bank, NA, to Deutsche Bank filed in the
         United States Bankruptcy Court of the Southern District of California (Doc. No. 23-5);

28

     3.   Declaration in Support of Motion for Relief from the Automatic Stay and Co-Debtor Stay in
         the United States Bankruptcy Court of the Southern District of California (Doc. No. 23-6);

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir.2001) (quoting *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir.1994)).  A district court may, however, "look beyond the complaint to matters of public record and doing so does not convert a 12(b)(6) motion to one of summary judgment." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986); *see also Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n. 1 (9th Cir.2004).  Other courts have taken judicial notice of the P & A Agreement between the FDIC and Chase.  *See, e.g., McCann v Quality Loan Service Corp.*, 729 F. Supp. 2d 1238, 1241 (W.D. Wash. 2010); *Allen v. United Fin. Mortgage Corp.*, 660 F. Supp. 2d 1089, 1093-94 (N.D. Cal.2009); *Molina v. Wash. Mut. Bank*, 2010 WL 431439, at *3 (S.D. Cal. Jan. 29, 2010).  Accordingly, the Court takes judicial notice of the P & A Agreement because it is a public record and not disputed by the parties.

As previously noted, the factual allegations contained in the Complaint are not sufficiently clear; however, it appears to contain numerous allegations of wrongdoing based solely upon the actions of WaMu, the lender at the time of the origination of the mortgage loan.  It does not appear that the Complaint alleges wrongdoing by Chase after it received WaMu's interests from the FDIC.[2]  The

---

4. Allonge to Mortgage Note and a Stamped Voided Note from Plaintiffs' Mortgage filed in the United States Bankruptcy Court of the Southern District of California  (Doc. No. 23-7); and

5. Recorded Cover Sheet of a UCC-1 Financing Statement Recorded in the San Diego County Recorder's Office (Doc. No. 23-8);

Pursuant to Rule 201, a court may take judicial notice of adjudicative facts "not subject to reasonable dispute."  Fed. R. Evid. 201(b).  Facts are indisputable, and thus subject to judicial notice, only if they are either "generally known" under Rule 201(b)(1) or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned" under Rule 201(b)(2).

As such, Petitioner's documents will be lodged with the Court and become part of the record in this case; however, Petitioner's request that the Court take judicial notice of the exhibits filed is denied as to each of the documents except the Assignment of Deed of Trust from Chase to Deutsche Bank (Doc. No. 23-5).  The Assignment is a public record and appears to be undisputed by the parties.  The remaining exhibits (Doc. No. 23-4, 23-6, 23-7, 23-8) are inappropriate for judicial notice.  These documents contain facts that are neither generally known or capable of accurate and ready determination by the Court.

[2] To the extent that Plaintiffs' response to the motion to dismiss raises new claims and alleges wrongdoing by Chase not mentioned in the Complaint, Defendants argue that the Court should decline to consider Plaintiffs' arguments.  The Court agrees and will not consider the new allegations contained in Plaintiffs' response.  *See Schneider v. Cal. Dep't of Corrections*, 151 F.3d 1194, 1197 (9th Cir. 1998)("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the

1   Complaint simply alleges that Chase is liable as a successor or assign of WaMu.  Defendants argue that

2   Chase cannot be held liable for the alleged wrongdoing of WaMu because it is not a successor to the

3   liabilities associated with WaMu's loan to Plaintiffs pursuant to the terms of the P & A Agreement.

4   Specifically, Defendants argue that Chase did not acquire any liabilities from WaMu when it purchased

5   WaMu's assets from the FDIC Receiver and that, therefore, Plaintiffs cannot maintain a cause of action

6   against Chase for WaMu's actions.

7         Chase became a successor to WaMu by executing the P & A Agreement, so it is the P & A

8   Agreement which determines the status of Chase as a successor.  Section 2.5 of the P & A Agreement

9   clearly establishes that any borrower claims "related in any way to any loan" made by WaMu prior to

10  September 25, 2008, were not assumed by Chase when it purchased the assets of WaMu from the FDIC

11  Receiver.  Here, the loan was made prior to September 25, 2008, so any claims arising from the

12  origination of the loan may not be maintained against Chase.[3]  Chase is not a successor to WaMu for

13  liabilities related to the loan to Plaintiff, and there is no reasonable probability that Plaintiff will be able

14  to muster factual support for a claim that Chase is a legitimate successor to WaMu's liabilities.

15  Similarly, assuming that WaMu hired the broker, underwriter, appraiser, and closing agent, it is unlikely

16  that Plaintiffs will be able to impose liability for their alleged breach of fiduciary duties upon Chase,

17

18  _____

19  complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to
    dismiss.").  Plaintiffs' claims are limited to those contained within the Complaint.

20        [3] A number of federal courts have now held that this P & A Agreement relieves Chase of liability
    for borrowers' claims against WaMu. These courts reason that Chase became a successor to Washington

21  Mutual by executing the P & A Agreement; the P & A Agreement governs the status of Chase as
    successor; and Article 2.5 of the P & A Agreement establishes that Chase did not assume liability for

22  borrowers' claims related to loans made by Washington Mutual prior to September 25, 2008. *See
    McCann v. Quality Loan Service Corp.*, 729 F. Supp. 2d 1238, 1241-42 (W.D. Wash. 2010); *Danilyuk v.*

23  *JP Morgan Chase Bank, N.A.*, 2010 WL 2679843 (W.D. Wash.); *Molina v. Washington Mutual Bank*,
    2010 WL 431439 (S.D. Cal. Jan. 29, 2010)(dismissing TILA and RESPA claims against Chase that were

24  based on actions committed during the course of loan negotiations); *see also Federici v. Monroy*, 2010
    WL 1345276 (N.D. Cal. Apr. 6, 2010)(dismissing claims against Chase that were predicated on

25  allegations that WaMu negligently prepared loan documents and made negligent misrepresentations);
    *Yeomalakis v. F.D.I.C.*, 562 F.3d 56, 60 (1st Cir. 2009); *Johnson v. Wash. Mut. et al.*, 2010 WL 682456,

26  at *4 (E.D. Cal. Feb. 24, 2010); *Grealish v. Wash. Mut. Bank*, 2009 WL 2170044, at *2 (D.Utah July 20,
    2009); *Cassese v. Wash. Mut. Bank*, 2008 WL 7022845, at *6 (E.D. N.Y. Dec. 22, 2008); *cf. Payne v.*

27  *Sec. Sav. & Loan Ass'n*, 924 F.2d 109, 111 (7th Cir.1991) (holding that the receiver of assets, not the
    subsequent purchaser of the assets, retained all liabilities not specifically enumerated in a similar

28  purchase and assumption agreement).

1  Deutsche Bank, or California Reconveyance.  The Court will, therefore, grant Defendants' Motion to
2  Dismiss as to Plaintiffs' claims against Chase with leave to amend to state a proper defendant.

3

4  **D.  Remaining Claims Against Deutsche Bank and California Reconveyance**

5

6         Having dismissed Plaintiffs' claims against Chase, the Court next considers Defendants' Motion
7  to Dismiss as to those claims against Deutsche Bank and California Reconveyance.   In doing so, the
8  Court once again encounters the difficulty created by referring to all of the Defendants simply as
9  "Lender" throughout the Complaint.  The Court infers that many of the Complaint's factual allegations
10 refer to actions taken by WaMu inasmuch as WaMu served as the actual lender during the loan's
11 origination.  However, there are no specific violations alleged against California Reconveyance or
12 Deutsch Bank.  There is no allegation that either California Reconveyance or Deutsche Bank had any
13 interaction with Plaintiffs during the origination of the loan.

14        With regard to California Reconveyance, the Complaint states at the outset that California
15 Reconveyance served as trustee for WaMu and Chase and sent the Plaintiffs a Notice of Default and
16 later a Notice of Trustee sale without having gone through any administrative processes under
17 commercial law.  (Compl. ¶ 1).  Plaintiffs do not specify which administrative processes California
18 Reconveyance failed to "go through" or what, if any, statutory provisions this failure violated.
19 California Reconveyance is not mentioned with regard to any specific causes of action in the Complaint.
20 As such, Plaintiffs failed to state a claim upon which relief may be granted with regard to California
21 Reconveyance.

22        The Complaint provides even less information with regard to Deutsche Bank.  The sole reference
23 to Deutsche Bank identifies it as  "a banking entity doing business in the State of California with an out
24 of state address."  (Compl. ¶ 1).  There is no further clarification in the Complaint as to why Deutsche
25 Bank has been named as a Defendant or how Deutsche Bank relates to Chase or California Reconvey-
26 ance.  The Court took judicial notice of the Assignment of the Deed of Trust from Chase to Deutsche
27 Bank attached to Plaintiffs' response to Defendants' Motion to Dismiss.  (Doc. No. 23-5).  However,
28 even when considering the Assignment in addition to the allegations within the Complaint, the Court
   can discern no claim made by the Plaintiffs against Deutsche Bank specifically or based upon any

alleged wrongdoing by Deutsche Bank.  Vague claims of conspiracy are not sufficient to state a claim upon which relief may be granted when there is no suggestion that Deutsche Bank has any involvement in the conspiracy.  Accordingly, Plaintiffs have not sufficiently pled a claim upon which relief may be granted with regard to Deutsche Bank.

## CONCLUSION

In sum, Plaintiffs' Complaint fails to explain what statutory provisions were violated and which violations could be attributed to the Defendants.  For these reasons, it is ORDERED that Defendants' Motion to Dismiss be, and it hereby is, GRANTED.  It is further ORDERED that Plaintiffs' Complaint be, and it hereby is, DISMISSED WITHOUT PREJUDICE.  Plaintiff may file an amended complaint consistent with this Order within thirty (30) calendar days from the date of this Order.  To the extent that Plaintiffs' claims seek to hold Chase liable for claims relating to WaMu's origination of Plaintiffs' mortgage loan, the Court shall dismiss these claims with leave to amend in order to state a proper defendant.  Should Plaintiffs' choose to file an amended complaint, the Court further grants Plaintiffs leave to file a renewed ex parte motion to file notice of pendency of action.

In light of the foregoing, the Plaintiffs pending First Amended Motion for Summary Judgment (Doc. 47)  is denied without prejudice as moot, since the operative pleading has dismissed.

IT IS SO ORDERED.


DATED:  May 13, 2011

_____

Hon. Anthony J. Battaglia
U.S. District Judge