UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN ANTHONY ARMENDARIZ and ALICIA ARMENDARIZ,<br><br>           Plaintiffs,<br><br>v.<br><br>JP MORGAN CHASE BANK N.A., successor in interest to WASHINGTON MUTUAL BANK, FA, DEUTSCHE BANK NATIONAL TRUST COMPANY, and CALIFORNIA RECONVEYANCE COMPANY,<br><br>           Defendants. | Civil No. 11cv137 AJB (BGS)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**<br><br>(Doc. No. 73) |

Presently before the Court is Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint ("TAC"). (Doc. No. 73.) In accordance with Civil Local Rule 7.1.d.1, the Court finds this motion suitable for determination on the papers and without oral argument. Accordingly, the motion hearing scheduled for October 26, 2012 is hereby vacated. For the reasons set forth below, the Court **GRANTS** Defendants' motion and dismisses the case with prejudice.

## FACTUAL BACKGROUND

In October 2004, Plaintiffs obtained a $455,000 mortgage loan from Washington Mutual Bank ("WaMu"). (Doc. No. 1, Ex. 3.) The mortgage note was secured by a Deed of Trust that identifies WaMu as the lender and beneficiary, and California Reconveyance Company ("California Reconvey-ance") as the trustee. (Doc. No. 1, Ex. 4.) Plaintiffs subsequently defaulted on the mortgage loan.

1  (Doc. No. 1, Ex. 1.) California Reconveyance recorded a Notice of Default on February 3, 2010. (*Id.*)

2  The Notice of Default indicates that Plaintiffs had accumulated $13,563.09 in arrears. (*Id.*)

3    Plaintiffs filed this action *pro se* on January 24, 2011, and Defendants moved to dismiss

4  Plaintiffs' Complaint on February 18, 2011. (Doc. No. 13.) On May 13, 2011, this Court dismissed

5  Plaintiffs' Complaint with leave to amend. (Doc. No. 48.) Plaintiffs timely filed their First Amended

6  Complaint ("FAC") on May 27, 2011. (Doc. No. 50.) Defendants moved to dismiss the FAC for failure

7  to state a claim, and on November 10, 2011, the Court granted Defendants' motion and dismissed the

8  FAC, again with leave to amend. (Doc. No. 56.) Plaintiffs subsequently filed their Second Amended

9  Complaint ("SAC") on December 9, 2011. (Doc. No. 59.) On December 27, 2011, Defendants moved

10  to dismiss the SAC for failure to state a claim. (Doc. No. 61.) On April 18, 2012, the Court granted

11  Defendants' motion and dismissed the SAC with leave to amend. (Doc. No. 68.) On June 15, 2012,

12  Plaintiffs filed their Third Amended Complaint ("TAC"). (Doc. No. 72.)

13    In the TAC, Plaintiffs allege the following claims against all Defendants: (1) fraud and forgery;

14  (2) fraudulent misrepresentation and RESPA / TILA violations, 15 U.S.C. §§ 1601 et seq., 12 U.S.C. §

15  2602; (3) broken chain of title; and (4) quiet title to real property.[1] On July 2, 2012, Defendants filed the

16  instant motion to dismiss the TAC. (Doc. No. 73.)

17  **LEGAL STANDARD**

18  ***A.    Motion to Dismiss***

19    A complaint must contain "a short and plain statement of the claim showing that the pleader is

20  entitled to relief." Fed. R. Civ. P. 8(a). The court must accept all factual allegations pleaded in the

21  complaint as true, and must construe them and draw all reasonable inferences from them in favor of the

22  nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir.1996). A complaint

23  may survive a motion to dismiss only if, taking all well-pleaded factual allegations as true, it contains

24  enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129

25  S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However,

26  because Plaintiffs are proceeding *pro se*, their Complaint "must be held to less stringent standards than

27

28    [1] Plaintiffs TAC no longer includes the following claims previously alleged in the SAC: (1) theft and fraudulent conveyance; (2) negligence; (3) misrepresentation; (4) fraudulent pretenses; and (5) breach of contract and lack of proof of claim. ( Doc. No. 59 at 1.)

1    formal pleadings drafted by lawyers," as the Supreme Court has reaffirmed since *Twombly*.  *See*

2    *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  *Iqbal* incorporated the *Twombly* pleading

3    standard, and *Twombly* did not alter courts' treatment of *pro se* filings; accordingly, the Court construes

4    *pro se* filings liberally when evaluating them under *Iqbal*.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir.

5    2010); *see also McGowan v. Hulick*, 612 F.3d 636, 640-42 (7th Cir. 2010); *Bustos v. Martini Club Inc.*,

6    599 F.3d 458, 461-62 (5th Cir. 2010); *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 n. 2, 1125 (10th Cir.

7    2010); *Capogrosso v. Sup. Ct. of N.J.*, 588 F.3d 180, 184 & n. 1 (3d Cir. 2009); *Harris v. Mills*, 572

8    F.3d 66, 71-72 (2d Cir. 2009) (noting that even following *Twombly* and *Iqbal*, "we remain obligated to

9    construe a pro se complaint liberally").

10    ***B.     Leave to Amend***

11            Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given

12    when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decision on

13    the merits, rather than on the pleadings or technicalities."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th

14    Cir.2000) (en banc) (internal quotation marks and alterations omitted).  When dismissing a complaint

15    for failure to state a claim, "'a district court should grant leave to amend even if no request to amend the

16    pleading was made, unless it determines that the pleading could not possibly be cured by the allegation

17    of other facts.'"  *Id*. at 1130 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.1995)).  Generally,

18    leave to amend shall be denied only if allowing amendment would unduly prejudice the opposing party,

19    cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG*

20    *Music Publ'g*, 512 F.3d 522, 532 (9th Cir.2008).

21                                    **<u>DISCUSSION</u>**

22            In its previous orders dismissing the Complaint, the FAC, and the SAC, the Court commented on

23    the general insufficiency of Plaintiffs' claims.  (Doc. No. 48 at 3-4; Doc. No. 56 at 3; Doc. No. 68 at 3-

24    4.)  Like the previous three complaints, the TAC consists of unclear, conclusory allegations about the

25    Defendants' alleged wrongful conduct based on speculation, lacking properly pleaded facts, and alleging

26    various violations both statutory and constitutional without asserting the underlying basis.  For the

27    reasons set forth below, the Court finds that each cause of action once again fails to state a claim upon

28    which relief may be granted.

### A.    *Sufficiency of Plaintiffs' Claims Generally*

Rule 8 requires "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and " a demand for the relief sought." Fed. R. Civ. P. 8.  Courts enforce Rule 8 because "[a] clear statement of a plaintiff's claims gives the defendant a fair opportunity to respond and gives the Court the information it needs to manage the litigation." *Tomas,* 2011 U.S. Dist. LEXIS 8314, *7.  In contrast, "[c]onfusing complaints . . . impose unfair burdens on litigants and judges . . . to determine who is being sued for what." *Id.* (quoting *McHenry v. Renne,* 84 F.3d 1172, 1179 (9th Cir. 1996)).

Plaintiffs have had three opportunities to fulfill their basic obligations under the Federal rules. Plaintiffs' TAC provides a new variation on a previous faulty theory of fraud concerning an alleged missing "Receivers Deed."  (TAC ¶ 28.)  Rule 8 does not allow for the unintelligible pleadings that have been offered four times by Plaintiffs.  *See United States ex rel. Garst v. Lockheed-Martin Corp.,* 328 F.3d 374, 378 (7th Cir. 2003) (incomprehensible complaint dismissed with prejudice).  Accordingly, Plaintiffs' TAC fails to meet the Rule 8 requirements.

### B.    *Plaintiffs' Fraud-Based Causes of Action Fail for Lack of Particularity*

Plaintiffs' first, second, and third causes of action all contain references to fraud-based claims, which were previously dismissed by the Court for failing to comply with the particularity requirements of Rule 9(b).  The Court's prior order dismissing the FAC clearly articulated the requirements for pleading fraud and explained why Plaintiffs' claims failed.  (Doc. No. 56 at 3-6.)  The Court does not wish to repeat itself here.

As detailed below, Plaintiffs' fraud-based claims once again lack the particularity required by Rule 9(b) because their TAC still fails to allege the elements of fraud with respect to each Defendant. Despite repeated instructions from the Court, Plaintiffs suggest that Rule 9(b) might not even apply to their fraud-based claims.  (Pl's. Op., Doc. No. 75 at 9.)

#### 1.    *The First Cause of Action for Fraud and Forgery Fails*

First, Plaintiffs recapitulate their assertions that Defendants do not have standing to foreclose on the property because they do not own the promissory note.  (TAC ¶¶ 1, 4, 5, 33.)  The Court has rejected this theory of fraud in both the FAC and the SAC.  (Doc. No. 56 at 5; Doc. No. 68 at 4-5.)  Plaintiffs

1   now argue that "[f]ailure to file and record the Receivers Deed and other transfer, sales or assigns is to

2   knowingly commit fraud and the lack of filing those transactions make the mortgage contract null and

3   void in regards to Plaintiffs' property."  (TAC ¶ 28.)  Plaintiffs assert that Defendants lack standing to

4   foreclose upon the subject property because the Receivers Deed cannot be found in the San Diego

5   County Recorder's Office.  (TAC ¶¶ 21, 28-9, 33.)  However, in its first order dismissing Plaintiffs'

6   Complaint, the Court took judicial notice of the Purchase and Assumption Agreement whereby Chase

7   acquired certain interests from WaMu, and stated that the Purchase and Assumption Agreement will

8   determine the status of Chase as a successor.  (Doc. No. 48 at 5-7.)  Plaintiffs ignore the Court's prior

9   determinations and continue to insist that Chase's status as a successor depends on whether the

10   Receivers Deed can be found in the San Diego County Recorder's Office.  (TAC ¶¶ 28, 33.)  Therefore,

11   this theory fails for the same reasons articulated in the order granting Defendants' motion to dismiss

12   Plaintiffs' SAC.  (Doc. No. 68.)

13         Second, as in the FAC and SAC, Plaintiffs still fail to plead with particularity the elements of

14   fraud.  Plaintiffs mention a few names in the TAC, including "Tasha Alexander," "Deborah Brignac,"

15   and "Wanda Chapman," referring to each individual as a "Robo-Signer."  (TAC ¶ 28.)  However,

16   Plaintiffs fail to plead with particularity the alleged misrepresentations made by these individuals, their

17   alleged knowledge of the falsity of their representations, their intent to defraud Plaintiffs, Plaintiffs'

18   justifiable reliance, causation, and resulting damages.  (TAC ¶¶ 25-36.)  Regarding damages, Plaintiffs

19   suggest that their "credit has been destroyed" because they were allegedly "required to default on their

20   home loan to qualify" for a loan modification.  (TAC ¶ 35.)  However, Plaintiffs fail to plead that they

21   would not have defaulted at all if this was not a requirement for the loan modification, and therefore do

22   not have a proper claim that their credit was destroyed.  (TAC ¶¶ 25-36.)  Plaintiffs' elements for

23   scienter, intent to defraud, and justifiable reliance all rely on a faulty theory of fraud that this Court has

24   rejected, focusing only on Defendants' alleged failure to record the Receivers Deed.[2]  (TAC ¶ 35.)

25

26

27

28         [2] Plaintiffs confuse the law by insisting that their property was "illegally foreclose[d]."  However, California law does not require possession of the promissory note in order to initiate a foreclosure.  *See Lane v. Vitek Real Estate Indust. Gp.* (2010) 713 F.Supp.2d 1092, 1098.

1      Accordingly, because Plaintiffs' first cause of action suffers from the same deficiencies as the

2  SAC, in that the TAC fails to plead with particularity the elements of fraud and continues to rely on a

3  faulty theory, the Court **GRANTS** Defendants' motion to dismiss this claim without leave to amend.

4      ***2.     The Second Cause of Action for Fraudulent Misrepresentation and RESPA/TILA Violations Fails***

5      Plaintiffs' second cause of action fails for the same reasons it did in the FAC and the SAC.

6  Specifically, Plaintiffs fail to allege the requisite elements of fraud showing their justifiable reliance

7  with respect to the allegedly fraudulent "Mortgage Allonge," or how they were damaged as a result of

8  Chase creating the fraudulent document.  (TAC ¶ 39.)  Plaintiffs also continue to ignore the Court's

9  previous determinations that Chase cannot be held liable for RESPA/TILA violations.  (*Compare* Doc.

10  No. 56, p. 6 *with* TAC ¶ 42; *see also* Doc. No. 75, p. 14:24-27.)  Plaintiffs provide no further details

11  with respect to the circumstances of the alleged fraud and therefore fail to meet the heightened Rule 9(b)

12  pleading standard.  Accordingly, Plaintiffs' second cause fails for lack of particularity and the Court

13  **GRANTS** Defendants' motion to dismiss this claim without leave to amend.

14      ***3.     The Third Cause of Action for Broken Chain of Title Fails***

15      Plaintiffs' third cause of action for "Broken Chain of Title" is not a cause of action under

16  California or federal law, as acknowledged by Plaintiffs.  (*See* Pl. Op. at 3.)  Plaintiffs merely restate

17  their faulty theory of fraud that Defendants have no standing to foreclose upon the property because they

18  did not record a Receivers Deed with the San Diego County Recorder's Office.  ( TAC ¶ 47; Ex. 8.)

19  This theory is inconsistent with the Court's prior determinations and contrary to California law.

20  Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiffs' third cause of action

21  without leave to amend.

22  ***C.     Plaintiffs' Fourth Cause of Action for Quiet Title Fails for Lack of Tender***

23      Plaintiffs' fourth cause of action remains largely unchanged from the SAC.  Plaintiffs argue that

24  their debt is in dispute; however, the Court has previously determined that the foreclosure was not

25  unlawful, and therefore, the debt is not disputed.  (Pl. Op. at 15.)  Plaintiffs' quiet title claim fails to

26  allege a full and unconditional tender of the entire amount due on the loan.  Furthermore, Plaintiffs fail

27  to allege any fact indicating their ability to tender the amount owed on their Loan even if they were

28

1  willing to do so.  Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiffs' fourth

2  cause of action without leave to amend.

3  <u>**CONCLUSION**</u>

4       For the foregoing reasons, Defendants' motion to dismiss Plaintiffs' Third Amended Complaint

5  is **GRANTED**.  Plaintiffs have been given three opportunities to amend their Complaint to properly

6  state a claim and have failed to do so.  Therefore, the Court dismisses this case with prejudice.  The

7  Clerk of the Court is instructed to close the case and enter judgment accordingly.

8

9

10  IT IS SO ORDERED.

11  DATED:  October 15, 2012

12  _____
     Hon. Anthony J. Battaglia
13   U.S. District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11cv137